IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. BROOKSHIRE        )
       Plaintiff,              )
                                )
v.                           )    Case No.  12-cv-2622 CM/KMH
                                )
GOODYEAR TIRE AND RUBBER CO.,)
       Defendant.              )

## COMPLAINT
## JURY TRIAL DEMANDED

1. This is a complaint for damages brought under the provisions of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and Title V of the Americans with Disabilities Act, Section 503, 42 U.S.C. 12203.

2. Jurisdiction is established pursuant to 28 USC 1331, because this action arises under federal law.

3. Venue is proper in this Court under the provisions of 28 USC 1391(b).

4. Plaintiff Michael A. Brookshire is a resident of Hoyt, Kansas and has been for all times material to this matter.

5. Defendant Goodyear Tire and Rubber Co. is a for profit corporation organized under the laws of the State of Ohio and its current mailing address is 1144 E Market Street - D/616, Akron, OH 44316. Defendant's resident agent is Corporation Service Company located at 2900 SW Wanamaker Drive Suite 204, Topeka, KS 66614.

6. Plaintiff has exhausted his administrative remedies. On or about June 25, 2012, Plaintiff received a right to sue letter from the U. S. Equal Employment Opportunity Commission. The right to sue letter it is attached hereto.

7. Plaintiff was employed by Defendant from April 19, 1989, to September 29, 2010. Plaintiff worked at the Defendant's manufacturing plant in Topeka, Kansas. His last job at the Defendant's Topeka plant was as a wire component processor. During all times material to this action Plaintiff was qualified to do the work of a wire component processor with or without an accommodation.

8. On September 18, 2010, Plaintiff was accused of urinating at the machine that he operated in the Defendant's plant. Plaintiff denied urinating at the wire component processor machine. Plaintiff admitted he had experienced an urge to urinate and while walking to the rest room realized he could not wait to urinate so he moved into a secluded area and urinated in a cup. This resulted in a disciplinary meeting between Plaintiff and supervisory representatives of the Defendant.

9. During the meeting of September 18, 2010, Plaintiff verbally informed Defendant of a medical condition that caused him to experience an urge to urinate more frequently than normal. This medical condition constituted a disability covered by the Americans with Disability Act (ADA) because it was a physiological disorder that affected one or more body systems and such condition had the effect of substantially limiting Plaintiff's ability to work, a major life activity.

10. On September 18, 2010, rather than engage in an interactive process to determine what limitations were caused by the disability and the potential reasonable accommodation(s)

2

that would allow Plaintiff to continue to work for the Defendant, Plaintiff was escorted from the Defendant's plant and placed on leave without pay. This personnel action evidenced Defendant having regarded Plaintiff as disabled.

11. On September 21, 2010, Plaintiff provided written notice of his disability to Defendant. This written notice was accompanied by letters from two physicians that stated Plaintiff was experiencing urinary frequency and urgency problems.

11. Plaintiff's September 21, 2010, letter, referenced above, also indicated he wanted to retain his employment with Defendant and requested an accommodation to deal with the urinary frequency and urgency problems.

12. Subsequent to Plaintiff's September 21, 2010, written notice of a disability the employer again failed to engage in an interactive process to determine what limitations were caused by the disability and the potential reasonable accommodations that would allow Plaintiff to continue to work for the Defendant.

13. On September 28, 2010, Defendant informed Plaintiff that he was subject to termination. Defendant offered to allow Defendant to take early retirement rather than be terminated. Under duress, Plaintiff chose early retirement. The Defendant's offer of early retirement rather than termination constituted a constructive discharge caused by the Plaintiff's ADA covered disability and Defendant's failure to accommodate such.

14. The constructive discharge of Plaintiff subsequent to his notice of disability and request for accommodation constitutes retaliation prohibited under the ADA. 42 U.S.C. 12111, et seq., 42 U.S.C. 12203.

15. The constructive discharge by Defendant caused Plaintiff to suffer a substantial reduction in income. Plaintiff has attempted to mitigate his lost income damages by becoming reemployed; to date he has been unsuccessful at finding suitable employment. Accordingly, Plaintiff's pecuniary damages are compensable under the ADA.

16. The constructive discharge also caused Plaintiff to suffer emotional harm that is compensable under the ADA.

17. The violations of the ADA by Defendant were willful and intentional. Accordingly, in addition to an award of actual damages Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays that judgment be entered on his behalf on the merits of his claims and that he be awarded damages, his costs and fees and such other relief as deemed appropriate by this Court.

Respectfully submitted,

_____
Kauffman & Eye, Attorneys at Law
Kelly J. Kauffman, Ks Sup. Ct. No. 23161
Robert V. Eye, Ks. Sup. Ct. No. 10689
Brett Jarmer, Ks. Sup. Ct. No. 23283
123 SE 6th Ave., Ste 200
Topeka, Kansas 66603
785-234-4040
785-234-4260 fax

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as permitted by applicable law.

_____
Kauffman & Eye, Attorneys at Law
Robert V. Eye, Ks. Sup. Ct. No. 10689

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial of this action.

_____
Kauffman & Eye, Attorneys at Law
Robert V. Eye, Ks. Sup. Ct. No. 10689